DISTRICT OF OREGON
**F I L E D**
January 03, 2020
**Clerk, U.S. Bankruptcy Court**

Below is an opinion of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re **Mohamed Jassem Alshemary**, Debtor. | Chapter 7<br>Case No. 18-33844-dwh7<br>Adversary Proceeding No. 19-03021-dwh |
| **State of Oregon, Department of Human Services**, Plaintiff, v. **Mohamed Jassem Alshemary**, Defendant. | MEMORANDUM DECISION<br>NOT FOR PUBLICATION |

**I.    Introduction**

In this action, the Department of Human Services of the State of Oregon requests a determination that public-assistance benefit overpayments it made to debtor, Mohamed Jassem Alshemary, are nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (B). For the reasons, that follow, I agree and will enter judgment for the department.

Page 1 – MEMORANDUM DECISION

**II.    Facts**

In their Agreed Facts and Issues of Law[1] (Agreed Facts), the parties have agreed to the material facts. I will recite only a few of the agreed facts, but I rely on all of them.

*A.    Role of department*

The department is the agency of the State of Oregon that administers public assistance and food-stamp benefit programs.[2] Under ORS 411.620(1), the department may recover benefit overpayments, plus interest and costs and disbursements.[3]

*B.    Employment*

From at least January 2011 through March 2013, Alshemary was employed by B&R Discount Appliance, LLC.[4] From January 1, 2011 through July 31, 2014, he was also self-employed as an independent contractor for Liberty Towncar Service and/or Island Coach.[5] He received income from his employment with B&R and gross business income through self-employment.[6] He nonetheless represented to the department in his benefit applications that he had no other employment other than with B&R.[7]

*C.    Taxable income*

According to the Schedules C attached to his 2011 through 2014 federal income tax returns, Alshemary had gross self-employment income in the following amounts for those years, respectively: $14,825, $40,969, $56,624, and $9,704.[8]

---

[1] Docket item no. 29 (Agreed Facts).
[2] Agreed Facts ¶ 2.
[3] Agreed Facts ¶ 3.
[4] Agreed Facts ¶ 21.
[5] Agreed Facts ¶ 22.
[6] Agreed Facts ¶ 24.
[7] Agreed Facts ¶ 25.
[8] Agreed Facts ¶ 93.

### D. Self-employment disclosure

Alshemary did not inform the department that he was self-employed until June 20, 2014.[9]

### E. Overpayments

Taking into account payments made and benefit reductions applied, Alshemary owed the department $33,826.25, as of November 5, 2018.[10] Under ORS 82.010, the department is entitled to interest on any benefit overpayment from the due date at the rate of 9 percent per annum.[11]

The damage to the department was proximately caused by the department's reliance on his representations, conduct, and/or omissions.[12]

His liability to repay the department the amount set forth in the complaint was conclusively determined in administrative proceedings, subject to his rights under federal bankruptcy law.[13]

## III. The department's claim is nondischargeable under section 523(a)(2).

### A. Nondischargeability under section 523(a)(2)

The department asserts that its overpayment claim against Alshemary is nondischargeable under both section 523(a)(2)(A) and (B). Under section 523(a)(2)(A). a debt is nondischargeable if it is for money obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

Under section 523(a)(2)(B), a debt is nondischargeable if it is for money obtained by a statement in writing that is materially false, respecting the debtor's or an insider's financial

---

[9] Agreed Facts ¶ 26.
[10] Agreed Facts ¶ 99.
[11] Agreed Facts ¶ 3.
[12] Agreed Facts ¶ 100.
[13] Agreed Facts ¶ 108.

Page 3 – MEMORANDUM DECISION

condition, on which the creditor to whom the debtor is liable for the money reasonably relied, and that the debtor made or caused to be published with intent to deceive.

### B. Analysis

Alshemary concedes his obligation to repay benefit overpayments to the department. For purposes of both section 523(a)(A) and (B), the debt is for money.

#### 1. Section 523(a)(2)(A)

A debtor's failure to report a change in income despite an obligation to do so is a deceptive omission, although not a statement, and thus can support nondischargeability under section 523(a)(2)(A).[14]

Thus, to the extent that the department's claim is based on Alshemary's failure to disclose changes in income that occurred after an application (as opposed to a failure to make a disclosure in an application), the debt is for money obtained by false pretenses or one of the other bases for nondischargeability under section 523(a)(2)(A).

#### 2. Section 523(a)(2)(B)

**(a) Alshemary obtained the money by one or more statements in writing respecting his financial condition.**

Alshemary concedes that "the damage to the department"—i.e., the overpayment—"was proximately caused by the department's reliance on Alshemary's representations, conduct, and/or omissions."[15] His only conduct or omissions that are alleged in the complaint and addressed in the Agreed Facts are his statements in and omissions from the four benefits applications and his failure to make employment and income disclosures required by the applications and other documents described in the Agreed Facts.

---

[14] *Washington County v. Hall*, No. 18-33116-dwh13, 2019 WL 4281911, at *5 (Bankr. D. Or. Sep. 9, 2019).
[15] Agreed Facts ¶ 100.

### (b) The statements were materially false.

The state relies on omissions from the written applications, which I held in in 2018 in *State of Oregon v. Maxwell*[16] fits under section 523(a)(2)(B) because a written statement that omits material facts is materially false.

### (c) The department reasonably relied on the statements.

In the Ninth Circuit Bankruptcy Appellate Panel's affirmance of *Maxwell*, it held that "[a]bsent patent falsity, or prior knowledge of the falsity of a representation, State had no duty to affirmatively investigate and determine for itself whether or not the debtor was telling the truth."[17]

Here, as well, the department reasonably relied on the income representations in the applications and thus the absence of other, undisclosed income, in deciding to award benefits to Alshemary.

### (d) Alshemary made the statements with intent to deceive the department.

At trial, Alshemary's lawyer argued that in 2012 through 2014 his self-employment income was negative after considering self-employment expenses and thus, at least for those years, he could reasonably have thought that he was not obligated to disclose his self-employment or its income. I disagree.

First, when he completed each of three change reports that he submitted to the department (on or about April 9, 2011,[18] November 28, 2012,[19] May 3, 2014[20]), he left blank the

---

[16] 2018 WL 5099707 (Bankr. D. Or. Oct. 18, 2018), *aff'd* 600 B.R. 62 (9th Cir. B.A.P. 2019).
[17] *In re Maxwell*, 600 B.R. 62, 72 (9th Cir. BAP 2019).
[18] Agreed Facts para. 45.
[19] Agreed Facts para. 8.
[20] Agreed Facts para. 11.

checkbox asking "[i]f self-employed, check here." In each of the income-tax Schedules C that he completed for those four years, he disclosed the fact of his gross income from and thus work as a limo driver,[21] so there is no excuse for his failure to check those checkboxes. Second, his argument does not apply to 2011, when he had Schedule C net profit but nevertheless failed to disclose both the fact of and amount of income from his self-employment. Third, for each of 2012 through 2014, when he had Schedule C net losses, the benefit application form expressly instructed that in reporting income he must "[u]se totals before taxes and deductions (gross income)."[22] At least in those years, he could have had no doubt that gross self-employment income—which he did report on his Schedules C—was reportable as income on the applications, so his omission can only have been intentional. The more plausible explanation, which I accept, is that his consistent omissions were the result of a consistent intent to deceive.

To the extent that the department's claim is based on Alshemary's failure to make required disclosures in benefits applications, the claim is nondischargeable under section 523(a)(2)(B).

Because the entirety of the department's claim is on Alshemary's failure to make disclosures either in an application or after an application when his income had changed, the claim is nondischargeable under either section 523(a)(2)(A) or (B).

## IV. Conclusion

I will enter judgment in favor of the department.

# # #

---

[21] Agreed Facts paras. 89-92.
[22] Agreed Facts paras. 9, 48, 75.